Bridgeport Township High School District No. 3–12, Township 3 North, Range 12 West, Lawrence County, Illinois, Plaintiff-Appellant, v. Henry Shank et al., Defendants-Appellees.

Bridgeport Township High School District No. 3–12, Township 3 North, Range 12 West, Lawrence County, Illinois, Plaintiff-Appellant, v. Paul Burbank et al., Defendants-Appellees.

Bridgeport Township High School District No. 3–12, Township 3 North, Range 12 West, Lawrence County, Illinois, Plaintiff-Appellant, v. J. C. Piper et al., Defendants-Appellees.

Bridgeport Township High School District No. 3–12, Township 3 North, Range 12 West, Lawrence County, Illinois, Plaintiff-Appellant, v. Johnnie Fearheiley et al., Defendants-Appellees.

Term Nos. 55–M–8, 55–M–9, 55–M–10 and 55–M–11, consolidated.

Fourth District.

October 3, 1955.

Released for publication October 24, 1955.

Gosnell & Fitzpatrick, of Lawrenceville, for plaintiff-appellant; Maurice E. Gosnell, of Lawrenceville, of counsel.

Brian & Wilson, of Toulon, and Richard S. Simpson, of Lawrenceville, for defendants-appellees; J. E. Richards, of Toulon, of counsel.

MR. PRESIDING JUSTICE BARDENS delivered the opinion of the court.

In a proceeding under the Administrative Review Act, the Circuit Court of Lawrence County affirmed four decisions of the County Board of School Trustees detaching four tracts of land from plaintiff high school district and attaching them to Sumner High School District. On appeal to this court, the four cases have been consolidated since there are common questions of fact and law raised in the various petitions. The case involving what is known as the Shank petition also raised additional issues which will be separately treated. This appeal is prosecuted by the school district from which territory was detached.

Bridgeport Township High School District and Sumner Township High School District are both in Lawrence County. Four petitions for detachment of territory from Bridgeport and attachment of same to Sumner were filed with the County Board of School Trustees on August 20, 1952, under the provisions of Article 4B of the School Code, Illinois Revised Statutes, Chapter 122, Paragraph 4B. In accordance with the requirements of Paragraph 4B–4 [Jones Ill. Stats. Ann. 123.754B(4)], the secretary of the County Board of School Trustees gave notice to plaintiff of the hearing on said petitions before the County Board of School Trustees set for January 12, 1953. At such hearing, plaintiff appeared and by counsel examined witnesses and presented testimony. In accordance with the requirements of Paragraph 4B–4, the following exhibits were received into evidence: a map showing the districts involved, a report of the financial and educational condition of the two districts and the probable effect of the proposed changes. Various witnesses testified as to the facilities and curriculum of the two schools and accessibility from the areas involved in the petitions. It appears that the Sumner school is a new building with facilities for double its present enrollment, and that attendance at Bridgeport would require about 12 miles per day additional travel for pupils from the petitioning areas. On the other hand, it appeared that more units of work were offered by Bridgeport Township High School. The evidence further revealed that under an agreement which has been in existence for some time, children from the petitioning territories, though residing in Bridgeport District, chose to attend Sumner Township High School. No residents of the territories involved opposed the petitions. On February 9, 1953, a further meeting of the Board was held at which time the petitions were voted upon and granted by the Board.

Upon being orally notified of the action of the School Trustees, plaintiff filed its complaint in the Circuit Court under the Administrative Review Act, Illinois Revised Statutes, Chapter 110, Paragraph 264 [Jones Ill. Stats. Ann. 104.094(1)], asking that the action of the County Board of School Trustees be reversed and the territory restored to Bridgeport Township High School District. The principal errors relied upon are that the order of the County Board was contrary to the manifest weight of the evidence and that by reason of certain irregularities in the proceedings, the County Board of Trustees was without jurisdiction in the matter.

 Section 274 [Ill. Rev. Stats. 1953, ch. 110, § 274; Jones Ill. Stats. Ann. 104.094(11)] of the Administrative Review Act provides that the hearing on review, "shall extend to all questions of law and fact presented by the entire record before the Court. . . . The findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct." In Harrison v. Civil Service Commission of Chicago, 1 Ill.2d 137, 115 N.E.2d 521, these provisions were analyzed and were construed to mean that on review the order of the administrative agency must stand unless against the manifest weight of the evidence. The record before us reveals that substantial evidence in compliance with the requirements of Paragraph 4B–4 was presented to the County Board of School Trustees at the meeting of January 12, 1953. Various residents of the territories testified as to the transportation advantages in attending Sumner High School, which is of some significance in assessing the educational welfare of the children involved. Of greater significance is the fact that children in the petitioning territories do, in fact, attend Sumner High School under agreement of the two school districts. We cannot assume the educational welfare of these children was neglected by their attending Sumner High School or

such situation would not have been permitted to exist by the school boards of the two districts. We must conclude that the County Board of School Trustees had substantial evidence upon which to base its order transferring the petitioning territory to Sumner to conform with the established attendance pattern.

██ The next contention of appellant concerns certain alleged irregularities in procedure before the administrative board. Specifically, these involve (1) the sufficiency of notice of meetings to members of the board (2) the fact that voting was by secret ballot; and (3) that one board member who voted had not attended the January 12th meeting where evidence was presented. These matters are not properly before this Court. It must be observed that the order entered on February 9, 1953, granting the petitions to transfer territory is complete and proper on its face. Appellant contests the recitations in such order but only by reference to portions of the record which are not abstracted. Courts are not required to search portions of the record not abstracted to ascertain a basis for reversing the proceeding appealed from. People ex rel. Rose v. Craig, 404 Ill. 505, 89 N.E.2d 409.

██ Apart from this reason, however, and in a more general connection, it must be observed that the County Board of School Trustees as an administrative agency is not held to the refined legal standards of procedure that exist in courts of record. The Administrative Review Act itself provides that—"(2) Technical errors in the proceedings before the administrative agency or its failure to observe the technical rules of evidence shall not constitute grounds for the reversal of the administrative decision unless it appears to the trial court that such error or failure materially affected the rights of any party and resulted in substantial injustice to him." In holding hearings provided for by Paragraph 4B–4 of the School Code, the Board is acting as an arm of the legislature and may order the

189

detaching of territory from school districts after it has informed itself of pertinent matters in accordance with the mandate of the legislature in Paragraph 4B–4. Pritchett v. County Board of School Trustees of White County, 5 Ill.2d 356, 125 N.E.2d 476. The Supreme Court has recently held in the Pritchett case that the discretion vested in county boards of school trustees under the statute is not an unlawful delegation of legislative power. Proceedings under 4B–4 before the administrative agency are, therefore, not subject to attack if substantial compliance with the legislative mandate has been shown even though irregularities in procedure may have occurred. Here, there is no showing by appellant that the ultimate result of the proceedings was occasioned by the alleged errors in procedure.

Another error urged by appellant concerns the removal of one trustee from the township in which elected to a township which already had a legally elected and qualified trustee. We find no evidence on this point. However, it is apparent that the trustee in question was at least a de facto member of the Board and his capacity as a de jure trustee could be properly attacked only by a quo warranto proceeding. Mann v. Downers Grove Sanitary Dist., 281 Ill. App. 412, 420; Howard v. Burke, 248 Ill. 224, 93 N. E. 775.

A final error common to all petitions concerns the Circuit Court's denial of appellant's motion for additional record which came after the Circuit Court had heard arguments and taken the cause under advisement. This motion sought to have made a part of the record minutes of board meetings of January 5 and January 12. We feel that the trial court did not abuse its discretion in denying said motion. The additional evidence sought bore only on alleged irregularities in procedure and apparently erroneous recitation in the final order which, for reasons set forth above, could not change the ultimate result.

190

We conclude, therefore, that the Circuit Court was correct in affirming the order of the County Board of School Trustees in the Fearheiley, Piper & Burbank petitions.

With reference to the Shank petition, a further error is alleged. The hearing on the petitions before the Board took place on January 12, 1953. On January 8, 1953, a petition was filed with the Board withdrawing three signatures from the Shank petition, which reduced the remaining signatures to less than the required number. This withdrawal petition recited that petitioners withdrew their names from the petition for detachment of the Shank territory (the legal description being set forth in full), and requested that the Board leave said territory as part of Bridgeport Township High School District. The Board, nonetheless, proceeded to hearing on the Shank petition along with the other three. On February 9, 1953, prior to taking a vote on the petitions and ordering detachment of the territories, two of those withdrawing their signatures on January 8, 1953, filed a petition with the County Board withdrawing their names from the withdrawal petition and reinstating their signatures to the original Shank petition. The February 9 petition recited that petitioners were induced to sign the withdrawal petition through misrepresentation and fraud.

Appellant contends that the Board had no power to proceed with the hearing on the Shank petition on January 12 since it contained fewer than the required number of signers after giving effect to the withdrawal petition. Appellee urges, on the other hand, that the signers had the right to withdraw or reinstate their signatures at any time prior to final action of the Board. It is clear that the only method of invoking the power of the County Board of Trustees is by filing of a petition in conformity with the statute. It is incumbent upon the Board therefore to first determine in any

191

case whether the petition meets the prescribed conditions. If this determination is in the negative the power of the Board to proceed further on the petition is lacking. In the instant case, the Board took the withdrawal petition under advisement and proceeded with the hearing. This was erroneous since it was admitted that giving effect to the withdrawal, the petition lacked the necessary signatures. Commencement or continuation of the hearing must abate until the genuineness and effect of the withdrawal is determined. Appellee contends, apparently, that the Board had the right to reserve the question of the validity of the petition to the end of the proceeding, and that reinstatement of previously withdrawn signatures restoring the required number be given retroactive effect. In Crocher v. Abel, 348 Ill. 269, cited by the appellee, it appears the withdrawal and reinstatement occurred after the hearing had validly commenced and that there was a duly subscribed petition at the inception of the hearing. People v. Oakwood, 290 Ill. 45, presents a somewhat analogous situation of withdrawal of signatures before hearing and subsequent reinstatement sufficient to restore jurisdiction. The Supreme Court there upheld the action of the agency in denying the petition on the ground of lack of jurisdiction. Orderly procedure requires that the issue of the agency's power to entertain the petition be determined prior to hearing of the merits.

We therefore conclude that the County Board of School Trustees did not have the power to proceed on the Shank petition. The order of the Circuit Court affirming the order of the Board in the Shank petition is therefore reversed. In all other respects the Circuit Court order is affirmed.

Judgments in Burbank, Piper, and Fearheiley cases affirmed. Judgment in Shank case reversed.

CULBERTSON and SCHEINEMAN, JJ., concur.