(No. 35205.—

THE PEOPLE *ex rel.* United Motor Coach Co., *et al.*, Appellees, *vs.* CHARLES F. CARPENTIER *et al.*, Appellants.

*Opinion filed September 24, 1959.*

LATHAM CASTLE, Attorney General, of Springfield, (SAMUEL H. YOUNG, Special Assistant Attorney General, of counsel,) for appellants.

OLSEN & CANTRILL, of Springfield, (HAROLD M. OLSEN, of counsel,) for appellees.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

This appeal is from a judgment of the circuit court of Sangamon County which ordered the issuance of a writ of *mandamus* directed to Charles F. Carpentier as Secretary of State, his agents, servants and employees, commanding them to issue motor vehicle licenses to the plaintiffs under section 3—801(f) of the Illinois Motor Vehicle Law. (Ill. Rev. Stat. 1957, chap. 95½, par. 3—801(f).) The case relates to revenue.

The plaintiffs, United Motor Coach Co., Bluebird Coach Lines, Inc., Suburban Transit System, Inc., South Suburban Safeway Lines, Inc., Chicago & West Towns Railways, Inc., West Towns Bus Company, Illinois Highway Transportation Company, Vandalia Bus Line, Inc., Belleville-St. Louis Coach Co., Leyden Motor Coach Co., Sheridan Plaza Bus Lines, Inc., and Bee Line Transit Corp., are all bus companies. The basic controversy is whether these plaintiffs are entitled to have their buses registered under section 3—801(f) which provides for a $2.00 registration fee or whether they must be registered under section 3—801(d) (chap. 95½, par. 3—801(d),) which provides for higher flat weight rates on general commercial vehicles. The plaintiffs attempted to register their vehicles under section 3—801(f) but their license applications were refused by the Secretary of State. Plaintiffs then instituted this action.

The trial judge in a memorandum opinion stated that the sole issue is whether the operations of the plaintiffs come within that portion of section 3—801(f) providing that the vehicles must "operate entirely within the territorial limits of a single municipality or single municipality and municipalities contiguous thereto, or in a close radius thereof." The record reveals that none of the plaintiffs operate entirely within a single municipality. For examples the United Motor Coach Co. operations embrace Des Plaines, Park Ridge, Chicago, O'Hare Field, Chi-

cago International Airport, Rosemont, Niles, Lincolnwood, Morton Grove, Skokie, Evanston, Mt. Prospect, Prospect Heights, Arlington Heights, Palatine, Barrington, Barrington Hills, Meadowdale, Middlebury, Algonquin, East Dundee, West Dundee, Carpentersville, Elgin and Chicago metropolitan areas; and the Vandalia Bus Line, Inc., operations embrace Collinsville, Fairmont City and East St. Louis. The trial judge was of the opinion that the various plaintiffs' operations did come within the above-quoted portion of section 3—801(f) and ordered the writ to issue.

The first contention is that the plaintiffs have not exhausted their administrative remedies or sought judicial review of the administrative decision under the provisions of the Administrative Review Act. (Ill. Rev. Stat. 1957, chap. 110, pars. 264-279 incl.) Section 2—117 of the Illinois Motor Vehicle Law (Ill. Rev. Stat. 1957, chap. 95½, par. 2—117) provides that upon the denial of the issuance of a license, the aggrieved party may secure a hearing before the Secretary of State or a hearing officer designated by him. This section also provides that the action of the Secretary of State in denying the issuance of a license shall be subject to judicial review under the provisions of the Administrative Review Act. The plaintiffs made no request for such a hearing nor did they seek judicial review as provided in the Administrative Review Act.

The first question is whether plaintiffs must exhaust the remedy provided for in section 2—117 before seeking judicial relief. The plaintiffs argue that there is no dispute as to any evidentiary facts; that the only issue is the construction to be given the words "a single municipality and municipalities contiguous thereto, or in a close radius thereof" and this is a legal question which should be determined by the courts and not an administrative officer. The legislature has entrusted the Secretary of State with the duty of initially determining whether an application for license should be granted or denied. In making such a determina-

tion it is necessary to pass upon questions of fact and law. We are of the opinion that the hearing provided for in section 2—117 is intended by the legislature to be the first step in resolving not only disputed questions of fact, but also nonfactual disputes of law and the interpretation of policy. "It is not the province of a court to absorb the administrative functions to such an extent that the executive or legislative agencies become mere fact-finding bodies deprived of the advantages of prompt and definite action." *Gray* v. *Powell,* 314 U.S. 402, 412, 86 L. ed. 301, 310.

The next question is whether judicial review by a *mandamus* proceeding is proper in this case. As we have indicated, section 2—117 provides that the action of the Secretary of State in denying the issuance of a license shall be subject to judicial review under the provisions of the Administrative Review Act. Section 2 thereof (Ill. Rev. Stat. 1957, chap. 110, par. 265,) prohibits the employment of pre-existing methods of securing judicial review, one of which is the remedy of *mandamus.* (*Moline Tool Co.* v. *Department of Revenue,* 410 Ill. 35. See: Davis "Administrative Law," (1951), secs. 228 and 229.) Therefore, *mandamus* is not available here.

Since the plaintiffs did not pursue the remedy provided for in section 2—117 nor seek judicial review as prescribed by the Administrative Review Act, these questions having been sufficiently raised in the answer, the circuit court erred in ordering the writ of *mandamus* to issue. The judgment of the circuit court of Sangamon County is therefore reversed.

*Judgment reversed.*