William J. Chestnut, et al., Plaintiffs-Appellees, v. William T. Lodge, Director, Department of Conservation of the State of Illinois, Maude Myers, Director, Department of Personnel of the State of Illinois, Michael J. Howlett, Auditor of the State of Illinois, and Francis Lorenz, Treasurer of the State of Illinois, Defendants-Appellants.

Gen. No. 10,632.

Fourth District.

July 20, 1965.

Rehearing denied and opinion modified October 1, 1965.

William G. Clark, Attorney General, of Chicago (Richard A. Michael, John J. O'Toole and A. Zola Groves, Assistant Attorneys General, of counsel), for appellants.

Giffin, Winning, Lindner & Newkirk, and Horsley, Vespa & Lott, all of Springfield (James M. Drake and G. William Horsley, of counsel), for appellees.

CRAVEN, J.

The circuit court of Sangamon County by its order in this mandamus and declaratory judgment proceedings ordered the plaintiffs restored to positions as Park Supervisor I and Park Supervisor II in the Department of Conservation from the date of August 21, 1961. The order further provided for the payment of certain back salaries, and as a declaratory judgment determined that the layoff of the plaintiffs as a result of job abolition was illegal and void and that the plaintiffs were entitled to wages and salaries from the date of discharge to the date of ordered reinstatement.

An appeal was perfected to the Supreme Court on the ground that State revenue was involved. That court caused the appeal to be transferred here.

The plaintiffs, employees of the Department of Conservation of the State of Illinois in the job classifications of Park Supervisor I and Park Supervisor II, held positions under and subject to the provisions of the Personnel Code. (Ill Rev Stats 1961, c 127, par 63b101 et seq.)

In July of 1961 the Director of the Department of Conservation, by a letter addressed to the Director of the Department of Personnel, recommended the abolition of the above positions. That letter was as follows:

"In accordance with Rule 24.2 of the Personnel Manual of Rules, I would like to recommend that the following positions in our Division of Parks and Memorials be abolished.

"The position of Park Supervisor II, including any unassigned job allocations, is to be discontinued. Present employees working on those particular job classifications are Mr. Robert Emmings, who was certified September 2, 1958, and Mr. James McMillen, who was certified May 24, 1961.

"This Department also recommends that the position of Park Supervisor I, including any unassigned position allocations, is to be abolished. Those presently employed in this category are:

| | |
|---|---|
| Louis Grampp | Certified 8/8/58 |
| William Chestnut | Certified 4/16/59 |
| Davis Garner | Certified 8/8/58 |
| Leonard B. Brantley | Certified 8/8/58 |
| Mike McClatchey | Certified 8/8/58 |
| John Jerome | Certified 8/8/58 |
| William A. Watts | Not Certified |

"The above recommendations are made as a result of a personal survey made at the request of Governor Kerner and in accordance with the recommendations of the survey committee, the Department concurs in the recommendation of the survey group and would recommend that the classifications mentioned be permanently abolished. The committee determined that geographic as-

signment of these various positions and the manner in which the supervisors were functioning did not contribute to an efficient administration of the State Parks system. The job descriptions on these positions are obviously misleading in that at the present time a $150.00 per month increase is recommended for the Supervisor I level and a $210.00 per month increase for the Supervisor II level. It is obvious that the present supervisor structure in the Division of Parks is improperly classified and the assignment by geographic areas is unsound.

"The Survey Committee consisted of Mr. Rhodell E. Owens, Director, Peoria Pleasure Driveway and Park District; Mr. Kenneth R. Cougill, Director of the Division of State Parks, State of Indiana; Mr. David H. Fritz, Superintendent of Parks, Highland Park, Illinois; and Mr. Arthur L. Janura, a Technician from the Cook County Forest Preserve District organization. This Committee made other recommendations other than the abolishment of these positions but they were emphatic in their recommendation pertaining to the unstable supervisory organization within the Division of Parks.

"It is my recommendation, and I request your approval, to abolish the present positions of Park Supervisor I and II, and I am attaching Personnel Forms 103 and request your approval for the layoff of the personnel involved.

· · · · · ·

(Signed) WILLIAM T. LODGE

· · · · · · ·

Director"

31

This recommended abolition was approved by the Director of Personnel and the plaintiffs were each notified of their layoff because of the abolition of positions. Each employee thus affected was also notified as to his rights and priorities under the Personnel Code and as are allowed in the rules pursuant thereto as to eligibility lists.

This action in mandamus and declaratory judgment was then instituted by the plaintiffs for reinstatement and for other relief designed to obtain back salaries, which relief was granted by the circuit court by the combination of its declaratory judgment and its writ of mandamus.

Prior to the time that the instant proceeding was filed, the complainants in this action had instituted an administrative review action in the circuit court of Sangamon County. That action was still pending and the defendants in the instant case filed a motion to strike the mandamus and declaratory judgment proceeding for the reason that another action was pending. The record does not disclose the disposition of that motion.

Subsequently, the defendants filed an answer which contained an allegation that the plaintiffs had not exhausted all administrative remedies. The circuit court, in its order granting the relief prayed for in this proceeding, made an affirmative finding that the plaintiffs had exhausted any and all administrative remedies available to them.

Initially, we must examine into the question of jurisdiction and appropriateness of the remedy of mandamus and declaratory judgment. Section 11a of the Personnel Code (Ill Rev Stats 1961, c 127, par 63b111a) provides:

"All final administrative decisions of the Civil Service Commission hereunder shall be subject

to judicial review pursuant to the provisions of the 'Administrative Review Act', approved May 8, 1945, as heretofore or hereafter amended . . . . The term 'administrative decision' is defined as in Section 1 of the 'Administrative Review Act'. Added by act approved July 21, 1959. L 1959, p 1824."

· · · · · ·

Section 2 of the Administrative Review Act (Ill Rev Stats 1961, c 110, par 265) provides in part:

"This Act . . . shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of this Act. In all such cases, any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not be employed after the effective date hereof."

· · · · · ·

Section 8 of the Personnel Code provides that the Director of Personnel shall prepare and submit rules to the Civil Service Commission for all positions and employees subject to the Personnel Code. The rules are required to provide for layoffs by reason of lack of funds, lack of work, abolition of position, or material change of duties or organization. (Ill Rev Stats 1961, c 127, par 63b108b(13).) Rules thus submitted by the Director of Personnel stand approved by the Civil Service Commission unless affirmatively disapproved within thirty days of their submission.

Rule 24, adopted pursuant to the procedure above outlined, relates to layoff and is essentially a restatement of the statute. This rule provides for layoffs within organizational units established by the operat-

ing agency in accordance with a plan of layoff, which said plan is required to be approved by the Director of Personnel.

It is not here in dispute that the plan for layoff was within the procedural framework of the statute and the applicable rule. The plan was for the layoff of employees within an organizational unit; the plan was submitted to and approved by the Director of Personnel. The question in dispute here is whether the plan was one adopted in good faith for a permissible objective or, as alleged, one to discharge certified employees because of political considerations. The Administrative Review Act is not self-executing and has application only to cases where it is adopted by express reference. People ex rel. Kohorst v. Gulf, M. & O. R. Co., 22 Ill2d 104, 174 NE2d 182 (1961). The act was designed to provide a single uniform method by which administrative decisions of State governmental agencies may be reviewed. People ex rel. Chicago & N. W. Ry. Co. v. Hulman, 31 Ill2d 166, 201 NE2d 103 (1964). As stated by Mr. Justice Daily in Hulman:

> "As was noted in Moline Tool Co. v. Department of Revenue, 410 Ill 35, 37, [101 NE2d 71] the Administrative Review Act, (Ill Rev Stat 1963, chap 110, par 264 et seq.;) was designed to provide a single uniform method by which administrative decisions of State governmental agencies could be reviewed, and, since our decision in that case, it has become firmly established that where an act creating or conferring power on an administrative agency expressly designates that judicial review will be accomplished under the Administrative Review Act, the employment of pre-existing methods of securing judicial review is prohibited. (See: People ex rel. Builders

Supply & Lumber Co. v. Village of Maywood, 22 Ill App2d 283, 287–289; [160 NE2d 689] Continental Air Transport Co. v. Carpentier, 19 Ill App 2d 340, 344–345; [152 NE2d 488] People ex rel. Jones v. Civil Service Com., 17 Ill App2d 36, 42–43; [149 NE2d 487] Thompson v. Roberts, 9 Ill App2d 93; [132 NE2d 422] People ex rel. Carpentier v. Goers, 20 Ill2d 272, 277; [170 NE2d 159] (Stated differently, it is the holding of Moline Tool and the decisions adhering to it that the Administrative Review Act exclusively applies to and governs every action to review judicially a final decision of an administrative agency where the act creating or conferring power on the agency provides such manner of review by express reference. Going straight to the situation of this case, we held in People ex rel. United Motor Coach Co. v. Carpentier, 17 Ill2d 303, 306, [161 NE2d 97] and Pre-Fab Transit Co. v. Carpentier, 17 Ill2d 515, 517, [162 NE2d 378] that judicial review by a mandamus proceeding cannot be resorted to where the administrative decision is expressly subjected to review under the provisions of the Administrative Review Act."

In the Village of Maywood case above cited, the court stated:

"The purpose of the . . . Administrative Review Act was to do away with the use of mandamus, certiorari, injunction and other actions as a means of reviewing the decisions of administrative agencies. . . . [Its purpose was] to provide a single uniform method of review."

In the case of People ex rel. Jones v. Civil Service Commission, 17 Ill App2d 36, 149 NE2d 487, the court stated that there was grave doubt that mandamus

was a proper remedy in view of the passage of the Administrative Review Act. The court noted, however, that the question was not directly presented and did not rule thereon, stating:

> "The question as to whether the Administrative Review Act has not supplanted a petition for a writ of mandamus in proceedings such as those before us was not raised in or passed on by the trial court; neither was it urged before us. Before this question is passed on by a reviewing court that court should have the benefit of briefs and argument of counsel. We make no finding on this question."

To the same effect, see People ex rel. Jacques v. Sheehan, 33 Ill App2d 14, 178 NE2d 193.

Here, however, the jurisdictional question of use of a prohibited remedy was specifically raised by the answer of the defendants and was ruled on in the order. The ultimate judgment entered was on the merits of the controversy and effectively found that the plaintiffs had exhausted administrative remedies.

The original briefs of the parties contained no discussion of the remedy or jurisdictional question. Counsel were questioned extensively on oral argument on the point, and at the request of this court supplemental briefs were filed.

As stated, the Personnel Code makes all decisions of the Civil Service Commission subject to administrative review as the sole remedy for review. In this case, the plan for layoff originated with the Director of Conservation, was submitted to and approved by the Director of Personnel pursuant to rules prepared by the Director of Personnel, and approved by the Civil Service Commission. If in the process of approving this plan of layoff there was or should have been

a decision of the Civil Service Commission, then administrative review is the sole remedy.

■ A reading of the Personnel Code demonstrates that the same is a comprehensive act designed to provide for the establishment of a merit system of State employment; to provide for exclusions and exemptions from merit system coverage and to provide for the orderly administration thereof. The Department of Personnel and its Director are given certain duties as is the Civil Service Commission. The Civil Service Commission is burdened with the policy administration of the act and has the power and duty to hold and conduct hearings for enumerated purposes, among them being to hear appeals of employees who do not accept the allocation of their positions under position-classification plans, and the Commission is further empowered, if it finds any violation of the Personnel Code to exist, to direct compliance therewith in writing.

■■ Section 10 of the act enumerates these powers and duties of the Commission and section 9 of the act describes the powers and duties of the Director of Personnel, the latter obviously being an administrative and technical adjunct to the Civil Service Commission. It seems abundantly clear to us that the Civil Service Commission in the performance of its statutory duties is authorized and required to ascertain that any plan for the abolition of any classified positions entered into pursuant to rules approved by the Commission is in compliance with the rules of the Commission. That Commission, with the technical expertise available to it, is the agency charged initially with superintending compliance with the Personnel Code. In the case of a plan for layoff, it cannot divest itself of this ultimate responsibility by the approval of rules requiring the plan for layoff to be approved only by the Director of Personnel.

The technical absence of an administrative decision of the Civil Service Commission in this case exists only because proceedings were not initiated before that tribunal to question the validity of the plan of layoff. Had such proceedings been presented and ruled upon, or even if dismissed on the basis of want of authority, such ruling or dismissal would itself have been a decision reviewable by administrative proceedings. (Ill Rev Stats 1961, c 110, par 264.) Such proceedings were part of the administrative remedies available to and not utilized by the plaintiffs.

The record in this case and the wide range of inquiry permitted in the trial of the issue as an original proceeding in the trial court is itself a compelling illustration of the purpose for the Administrative Review Act. Judicial inquiry by way of mandamus or declaratory judgment into the acts or doings of the administrative governmental agencies, part of the executive branch, is far different from administrative review in a judicial forum of such acts and doings. Administrative review provides for a narrowing of the scope of inquiry. The answer of the administrative agency is required to consist of a certified copy of the entire record of proceedings under review and no new or additional evidence in support of or in opposition to any finding, order or determination of the administrative agency is heard by the court. The trial court under administrative review is limited to powers enumerated in section 12 of the Administrative Review Act. (Ill Rev Stats 1961, c 110, par 275.) Des Plaines Currency Exchange, Inc. v. Knight, 29 Ill2d 244, 194 NE2d 89 (1963); Adamek v. Civil Service Commission of Chicago, 17 Ill App2d 11, 149 NE2d 466.

Cases cited by the plaintiffs as authority for the proposition that the Administrative Review Act has

no application to this proceeding are readily distinguishable from the facts here before us. The case of People ex rel. Walker v. O'Connor, 351 Ill App 545, 115 NE2d 808, contains an express statement that the question was not raised. The court said:

"The question whether the relator was required to appeal under the Administrative Review Act . . . rather than bring this mandamus suit was not raised or passed upon at the trial. That question is not properly before us."

In the case of Cordes v. Isaacs, 27 Ill2d 383, 189 NE 2d 236, the question does not appear to have been raised, and further the court in that case took note of the fact that the aggrieved employee was laid off when there was a complete absence of a plan of layoff provided for in rule 24 of the Civil Service Commission. In People ex rel. Byrnes v. Stanard, 9 Ill 2d 372, 137 NE2d 829 it appears again there was an absence of a plan of layoff and that the question was not raised. People ex rel. Fleming v. Geary, 322 Ill App 338, 54 NE2d 247, is an opinion filed in March of 1944 and the question could obviously not have arisen for the Administrative Review Act was approved May 8, 1945, and the same observation is applicable to the other cited cases.

The Supreme and Appellate Courts of this State have stated that the purpose of the Administrative Review Act is to provide a single, uniform method of review of administrative decisions of State governmental agencies. In numerous cases we find the language that the Administrative Review Act exclusively applies to and governs judicial inquiry into administrative State agency action, and further that judicial review by the extraordinary remedy of mandamus or other remedy outside the carefully drawn limitations

39

of the Administrative Review Act is not to be condoned.

 Mandamus and declaratory judgment are remedies the use of which is prohibited in this proceeding. We need not, therefore, proceed further into the inquiry of the merits of the controversy. The judgment of the circuit court of Sangamon County is reversed and the cause is remanded to that court with directions to allow the motion to dismiss.

Reversed and remanded, with directions.

SMITH, P. J. and TRAPP, J., concur.