BLAIR VARNES, Plaintiff-Appellee, *v.* DANIEL DOUGHERTY *et al.,* Defendants-Appellants.

First District (5th Division)   No. 62517

Opinion filed June 11, 1976.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Henry A. Hauser, Assistant State's Attorneys, of counsel), for appellants.

Francis X. Riley, of Chicago, for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff brought suit for declaratory judgment alleging that defendants, as members of the Retirement Board of the Cook County Employees Annuity and Benefit Fund, had wrongfully suspended retirement benefits being paid to him when plaintiff was appointed a magistrate in Du Page County. Defendants appeal from the order of the trial court declaring that the retirement benefits were unlawfully withheld.

Plaintiff had been employed as an assistant State's Attorney for Cook County for over 19 years and qualified for benefits under the County Annuity and Benefit Fund of Cook County. (Ill. Rev. Stat. 1961, ch. 34, par. 1601 *et seq.,* now found in Ill. Rev. Stat. 1963, ch. 108½, par. 9—101 *et seq.,* hereinafter referred to as County Annuity Fund.) In September of

1962 plaintiff began receiving $509.14 per month based upon an effective commencement date of October 16, 1961, when plaintiff retired from county service.

Plaintiff had also earned retirement credits under the State Employees' Retirement System (Ill. Rev. Stat. 1963, ch. 108½, par. 14—101 *et seq.*) as a result of employment as an assistant attorney general. In June of 1970 plaintiff elected to accept the alternative provisions of the Retirement Systems Reciprocal Act (Ill. Rev. Stat. 1969, ch. 108½, par. 20—101 *et seq.*).[1] Under the alternative provisions of the Act (Ill. Rev. Stat. 1969, ch. 108½, par. 122) plaintiff's annuity was based upon his combined pension credits and length of service under both systems. The computation under the alternative formula resulted in an increase in benefits of $64.66 per month, payable retroactively from April 28, 1964, which was plaintiff's 60th birthday. Plaintiff received a single payment for his retroactive benefits of $4726.65. The additional monthly annuity was paid to plaintiff by the County Annuity Fund which was reimbursed by the State Retirement System.

Plaintiff was appointed a magistrate in the 18th Judicial Circuit (Du Page County) on May 1, 1971. Upon being notified of the appointment, the County Annuity Fund suspended further payments to plaintiff. On January 18, 1972, a letter was sent to plaintiff by the State Retirement System. The letter stated in pertinent part:

" * * * you applied the alternative formula of the Reciprocal Act whereby the Cook County Employees' Annuity and Benefit Fund considered your credits in the State Employees' Retirement System together with their credits in the calculation of your benefit which resulted in a substantially larger amount than would have been provided under the regular formula."

We quote below Section 20—125 of the Reciprocal Act:

'Return to employment—suspension of benefits. If a retired employee returns to employment for any employer covered by any of the participating systems in which he had pension credits at the time of retirement, his proportional annuity from all participating systems as calculated under Section 20—121, and the combined annuity as calculated under Section 20—122, shall be suspended during the period of reemployment.'

You will note that if a pensioner returns to work for any employer covered by any of the systems in which he had credits at the time

---

[1] This section provides:

"*Continuity and preservation of pension credits.* There is established a plan for the continuity and preservation of pension credit, in accordance with the provisions hereof, in the case of employees transferring employment from one governmental unit to another. The purpose of this plan is to assure full and continuous pension credit for all service in public employment which is covered by a retirement system."

of his retirement, his pension must be suspended during such period of reemployment. The State of Illinois is the employer in the State Employees' Retirement Act and is also your employer as a Judge. For that reason it was necessary to suspend your annuity payments from all sources in which credits were considered at the time of your retirement under reciprocity."

On March 30, 1972, plaintiff brought suit for mandamus in the Circuit Court of Du Page County against the State Retirement System and its director. This complaint was dismissed, and the plaintiff filed an amended complaint for declaratory judgment. The trial court entered an order holding that plaintiff was entitled to his retirement pay under the State Retirement System during the time he was serving as a magistrate and associate judge. On appeal the Appellate Court for the Second District held that plaintiff did not comply with the provisions of the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 264 *et seq.*) in that he did not file a complaint for administrative review within 35 days after being notified that he was no longer eligible to receive retirement payments. The court stated that this was a jurisdictional requirement and therefore found that plaintiff was barred from seeking judicial review of the administrative decision and reversed the judgment of the trial court. *Varnes v. Lentz,* 30 Ill. App. 3d 806, 332 N.E.2d 639.

On October 10, 1974, during the pendency of that appeal, plaintiff initiated the present suit in the circuit court of Cook County by filing a complaint for declaratory judgment against the board members of the County Annuity Fund. Defendants moved to dismiss the complaint on the grounds that *Varnes v. Lentz* estopped plaintiff from bringing the present suit under the doctrine of *res judicata,* and that plaintiff failed to comply with the Administrative Review Act. The trial court denied the motion and entered summary judgment for plaintiff (after defendants stood on their motion). We reverse that judgment.

As in *Varnes v. Lentz* we hold that the provisions of the Administrative Review Act are applicable and bar plaintiff from seeking judicial review. The Act governs every action to review judicially a final decision of an administrative agency where the act creating or conferring power on the agency provides such manner of review by express reference. *(Moline Tool Co. v. Department of Revenue,* 410 Ill. 35, 101 N.E.2d 71; *People ex rel. Chicago & North Western Ry. Co. v. Hulman,* 31 Ill. 2d 166, 201 N.E.2d 103.) Resorting to any other mode of judicial review is improper where the administrative decision is expressly subjected to review under the provisions of the Act. (Ill. Rev. Stat. 1969, ch. 110, par. 265; *Moline Tool Co.; People ex rel. United Motor Coach Co. v. Carpentier,* 17 Ill. 2d 303, 161 N.E.2d 97.) Since the article establishing the County Annuity Fund specifically provides that the Administrative

Review Act shall govern (Ill. Rev. Stat. 1971, ch. 108½, par. 9—236) the only proper manner of proceeding was in compliance with the Administrative Review Act.

Under the provisions of that Act, a plaintiff must file a complaint with 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected. (Ill. Rev. Stat. 1971, ch. 110, par. 267.) This has been held to be a jurisdictional requirement, and a plaintiff who fails to file a complaint within the specified time is barred from seeking review of the administrative decision. *Pearce Hospital Foundation v. Illinois Public Aid Com.*, 15 Ill. 2d 301, 154 N.E.2d 691; *Oliver v. Civil Service Com.*, 80 Ill. App. 2d 329, 224 N.E.2d 671.

In the present case plaintiff's pension benefits were suspended from May 1, 1971, and no further checks were sent to him. On January 18, 1972, plaintiff was notified in writing of the decision to suspend his retirement benefits from all sources. Plaintiff, however, brought no action against defendants until October 10, 1974, when a complaint for declaratory judgment was filed. Thus, there was a complete failure to comply with the provisions of the Act; therefore, it was error for the trial court not to dismiss the complaint.

■■ Since we are of the view that plaintiff was barred from bringing the present suit because of his failure to comply with the provisions of the Administrative Review Act, it is unnecessary to determine whether the holding in *Varnes v. Lentz* bars consideration of the issues in this case.

In addition, we find no merit in plaintiff's contention that section 20—125 could not divest him of his retirement benefits from the County Annuity Fund since those benefits accrued in 1961 and section 20—125 was not enacted until 1963. It is plaintiff's position that subsequently enacted legislation can have no effect upon his vested pension rights.

Without addressing ourselves to the question of what rights may vest in a statutory pension plan, it is to be noted that plaintiff did not elect the alternative formula of the Reciprocal Act until 1970. When plaintiff availed himself of the benefits of the Reciprocal Act, thereby receiving a substantial retroactive payment and increased monthly benefits, he agreed to be subject to the definitions and conditions which were therein set forth. Section 20—125 was in effect at that time. Consequently, upon plaintiff's return to employment for the State as a magistrate, the provisions of section 20—125 required that plaintiff's benefits be suspended during the term of such employment.

For the foregoing reasons, the judgment of the trial court is reversed and the cause remanded with directions to dismiss plaintiff's complaint.

Reversed and remanded.

LORENZ, P. J., and BARRETT, J., concur.