JAMES C. MURPHY, Plaintiff-Appellant, *v.* POLICEMEN'S ANNUITY AND BENEFIT FUND OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (1st Division)   No. 77-1135

Opinion filed April 23, 1979.

John F. Keefe, of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale, Steven Revethis, and Patrick M. Cummings, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:
Plaintiff filed a class action on behalf of himself and all other police officers whose pensions were terminated by the defendant, Retirement Board of the Policemen's Annuity and Benefit Fund (hereinafter referred to as the Board), upon the conviction of a felony relating to, or arising out of or in connection with such service as a policeman.

The Policemen's Annuity and Benefit Fund (Ill. Rev. Stat. 1977, ch. 108½, par. 8—101 *et seq.*) provides retired policemen with pensions and other benefits. Section 5—227 of this Act states however:

> "None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as a policeman." (Ill. Rev. Stat. 1977, ch. 108½, par. 5—227.)

Section 5—189 states in part:

> "The Board shall have exclusive original jurisdiction in all matters relating to or affecting the fund, including in addition to all other matters, all claims for annuities, pensions, benefits or refunds." (Ill. Rev. Stat. 1977, ch. 108½, par. 5—189.)

Section 5—228 states:

> "The provisions of the 'Administrative Review Act', * * * shall apply to and govern all proceedings for the judicial review of final administrative decisions of the retirement board provided for under this article." Ill. Rev. Stat. 1977, ch. 108½, par. 5—228.

The record disclosed that plaintiff is a retired police officer of the Chicago Police Department, having resigned therefrom on January 7, 1973. On January 8, 1973, he qualified for and began receiving his police pension. Thereafter he was convicted in Federal district court of extortion in relation to his duties as a police officer. At a subsequent hearing, the Board, citing section 5—227 of the Pension Code (Ill. Rev. Stat. 1973, ch.

108½, par. 5—227) revoked the pension on the basis of the felony conviction. This decision of the Board was entered on December 1, 1973.

On February 20, 1975, almost 15 months later, plaintiff filed the instant class action seeking the following relief: (1) a declaratory judgment that the statute was unconstitutional, and (2) a writ of mandamus against the Board from applying the statute.

On May 5, 1977, the trial court on defendant's motion dismissed both counts of the complaint on the grounds that plaintiff had failed to pursue his administrative remedies by the filing of a complaint for review within the time prescribed in the Administrative Review Act.

Plaintiff appealed from said order of dismissal and asserts that in view of the Board's consistent application of section 5—227, in terminating their pensions, the pursuit of administrative remedies would impose a mere procedural duty "to engage in a time consuming and expensive administrative review process to secure a predictable outcome." In doing so, plaintiff contends that the Board has acted arbitrarily and capriciously in interpreting and applying section 5—227 in violation of the plain meaning of the statute and in every case contrary to the Illinois Constitution.

At the time of oral argument of the appeal, plaintiff-appellant made an oral motion to dismiss his appeal based upon the supreme court decision of *Kerner v. State Employees' Retirement System* (1978), 72 Ill. 2d 507, 282 N.E.2d 243. Appellant's reliance on the *Kerner* decision is misplaced and this court will proceed to decide this case with an opinion. It does appear from the *Kerner* case that the issue involved a question of the termination of certain pension rights and the construction of the Illinois Pension Code (Ill. Rev. Stat. 1975, ch. 108½, par. 14—199). The statutory section in question appeared to have a similar provision as the section in the instant case (ch. 108½, par. 5—227). However, the *Kerner* case was commenced pursuant to the Administrative Review Act with a subsequent administrative review proceeding timely filed in the circuit court of Sangamon County (Ill. Rev. Stat. 1975, ch. 108½, par. 14—200; ch. 110, par. 264 *et seq.*), attacking the Board's termination of the monthly pension payments. The decision was disposed of on the merits of the controversy and not on a procedural question.

In the instant action the defendants have contended in the trial court and on appeal that the plaintiff's action was not filed in accordance with the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*), and hence is barred. We agree with this assertion and therefore find it unnecessary to decide other issues raised by appellant.

■■ The decision of the Board was rendered on December 1, 1973, and the plaintiff's action was commenced on February 20, 1975. Section

5—228 (Ill. Rev. Stat. 1977, ch. 108½, par. 5—228) provides that the Administrative Review Act shall apply and govern all proceedings for judicial review and the Administrative Review Act (ch. 110, par. 267) provides that every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of a summons within 35 days. Admittedly, plaintiff failed to comply with this provision and the dismissal order was proper.

■ Additionally, it appears from the record that plaintiff participated in the administrative proceeding before the Board and had a hearing, and plaintiff may not abandon the requirements of the Administrative Review Act by the filing of a purported class action and claiming that the administrative remedies would be time consuming and the outcome predictable. *People ex rel. Naughton v. Swank* (1974), 58 Ill. 2d 95, 317 N.E.2d 499; *Varnes v. Dougherty* (1976), 39 Ill. App. 3d 476, 350 N.E.2d 6; *Chestnut v. Lodge* (1965), 62 Ill. App. 2d 27, 210 N.E.2d 336.

It may be noted that recent court decisions have spelled out the purpose of the doctrine of exhaustion of administrative remedies and rationalized that unlimited freedom to seek judicial review of the merits of the issue before an administrative agency would severely undermine the legislative purpose of the Administrative Review Act. (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 326 N.E.2d 737; *City of Chicago v. Illinois Commerce Com.* (1979), 70 Ill. App. 3d 655, 388 N.E.2d 1084.) The legislative purpose may not be undermined in the manner attempted by plaintiff.

For the reasons stated in our opinion, the judgment of the circuit court is affirmed.

Affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.