CAROL ROBINSON, Plaintiff-Appellant, v. REGIONAL BOARD OF SCHOOL TRUSTEES *et al.*, Defendants-Appellees.

Fifth District   No. 5—83—0822

Opinion filed January 3, 1985.

Stegmeyer & Stegmeyer, of Belleville, for appellant.

Darrell Williamson, Assistant State's Attorney, of Chester, for appellee Regional Board of School Trustees of Monroe-Randolph Counties.

Richard A. Brown, of Chester, for appellee Jim Leavitt.

PRESIDING JUSTICE JONES delivered the opinion of the court:

This dispute arises from an order of the Regional Board of School Trustees for Monroe-Randolph Counties (the board) dated May 31, 1983, granting detachment of certain territory in the Sparta Community Unit School District No. 140 and annexing that territory to the Chester Community School District No. 139. Plaintiff, Carol Robinson, appeals from an order granting defendants' motion to dismiss filed pursuant to section 2—619(a)(1) of the Civil Practice Act (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(1)). The circuit court, having heard evidence in support of and in opposition to the motion to dismiss, found that plaintiff's complaint for administrative review was not filed in the circuit court within the time prescribed by law and, accordingly, its jurisdiction was improperly invoked.

On April 25, 1983, a petition for a school district boundary change was filed in the office of the Regional Board of School Trustees for Monroe-Randolph Counties by persons residing in the Sparta Community School District No. 140. The petition requested that certain territory therein described be detached from the Sparta School District and annexed to the Chester School District. The petition, as required by section 7—1 of the School Code (Ill. Rev. Stat. 1981, ch. 122, par. 7—1), contained the signatures of two-thirds of the registered voters in the territory proposed to be detached.

After compliance with the publication and notice requirements of section 7—6 of the School Code (Ill. Rev. Stat. 1981, ch. 122, par. 7—6), a public hearing on the petition was held on May 23, 1983, at the Red Bud High School, Red Bud. The petitioners presented sworn testimony, cross-examination was conducted, and a transcript of the proceedings was made. Plaintiff was present at this hearing, as were many other members of the general public. Plaintiff did not testify as an objector to the petition or otherwise manifest her opposition to the proposed detachment. Despite several inquiries from the board as to whether members of the audience would care to comment, plaintiff remained silent.

On May 31, 1983, a second public meeting of the Regional Board of School Trustees was held in the office of James Carpenter, the regional superintendent of schools, Red Bud, for the purpose of discussing the evidence taken at the May 23, 1983, hearing and entering an order thereon. Plaintiff was also present at this meeting, and at its conclusion the board entered an order granting the petition for detachment effective for the 1983-1984 school year.

Thereafter, and pursuant to section 7—6 of the School Code (Ill. Rev. Stat. 1981, ch. 122, par. 7—6), James Carpenter, an ex-officio member of the board, mailed a copy of the board's order to the parties of record to the administrative proceedings. These parties consisted of the members of the petitioners' committee, both school districts and the attorneys involved, all of whom received copies of the order on June 2, 1983. A copy of the order was not mailed to plaintiff.

On August 29, 1983, plaintiff filed a complaint for administrative review in the circuit court of Randolph County requesting review of the board's order granting detachment. Defendants filed a motion to dismiss asserting that the complaint was not timely filed and that the court was accordingly without jurisdiction to hear the case. After an evidentiary hearing the circuit court granted the motion and dismissed the complaint with prejudice. We affirm.

■ Our first inquiry is whether plaintiff's complaint for administrative review was properly barred by reason of untimely filing. The board's decision to grant detachment constitutes final administrative action, and, as such, our review of that decision must be in accordance with the Administrative Review Act. (Ill. Rev. Stat. 1983, ch. 122, par. 7—7; *Sobel v. Board of Education* (1977), 50 Ill. App. 3d 371, 365 N.E.2d 693.) It is well settled that "the right to review a final administrative decision is limited and circumscribed by the statute or statutes authorizing such review." *Stirniman v. County Board of School Trustees* (1960), 26 Ill. App. 2d 245, 249, 167 N.E.2d 829, 831.

Section 3—103 of the Administrative Review Act (Ill. Rev. Stat. 1983, ch. 110, par. 3—103) provides in pertinent part:

> "Commencement of action. Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby."

(See *In re Charges Against Crotty* (1983), 115 Ill. App. 3d 248, 450 N.E.2d 399.) A party who fails to seek review of an administrative decision "within the time and manner" provided in the Act "shall be barred from obtaining judicial review of such administrative decision."

(Ill. Rev. Stat. 1983, ch. 110, par. 3—102.) The Illinois Supreme Court has held that a party seeking judicial review of an administrative decision must act promptly and within the time prescribed by statute. *Pearce Hospital Foundation v. Illinois Public Aid Com.* (1958), 15 Ill. 2d 301, 154 N.E.2d 691.

■ The 35-day time limit for filing a complaint for administrative review is a jurisdictional requirement. It follows that if that requirement is violated, the reviewing court may dismiss the action because jurisdiction was improperly invoked. (*In re Charges Against Crotty* (1983), 115 Ill. App. 3d 248, 450 N.E.2d 399; *Hoffman v. Department of Registration & Education* (1980), 87 Ill. App. 3d 920, 410 N.E.2d 291.) This the circuit court did when it granted defendants' motion to dismiss.

■ That plaintiff failed to comply with the 35-day time limit is not contested. A copy of the board's detachment order was served upon the parties affected on June 3, 1983. Hence, June 3, 1983, is the date from which plaintiff had 35 days to file. (Ill. Rev. Stat. 1983, ch. 110, par. 3—103.) Plaintiff's complaint was filed on August 29, 1983, some 21 days beyond the time prescribed by statute. On this basis alone, the case law determines conclusively that plaintiff's complaint was properly dismissed. (*In re Charges Against Crotty* (1983), 115 Ill. App. 3d 248, 450 N.E.2d 399; *Cox v. Board of Fire & Police Commissioners* (1982), 107 Ill. App. 3d 704, 437 N.E.2d 1277; *Murphy v. Policemen's Annuity & Benefit Fund* (1979), 71 Ill. App. 3d 556, 390 N.E.2d 45; *Varnes v. Dougherty* (1976), 39 Ill. App. 3d 476, 350 N.E.2d 6.

But plaintiff maintains, however, that she, as a "party affected," was never served with a copy of the board's order on June 3, 1983, and that we, therefore, must carve out an exception to the 35-day rule. We decline to do so.

■ Only a party of record affected by administrative action has standing to seek judicial review of such action. (*Williams v. Department of Labor* (1979), 76 Ill. 2d 72, 389 N.E.2d 1177; *Pisano v. Giordano* (1982), 106 Ill. App. 3d 138, 435 N.E.2d 899.) Even if plaintiff had complied with the 35-day rule, we hold that her action was properly dismissed since she was not a party of record who was entitled to receive a copy of the board's order. The applicable School Code provision is dispositive:

> "At the conclusion of the hearing the regional superintendent of schools as ex officio member of the regional board of school trustees shall within 30 days enter an order either granting or denying the petition and shall deliver to the committee of petitioners, if any, and any person who has filed his appearance in

writing at the hearing and any attorney who appears for any person and any objector who testifies at the hearing *** a certified copy of its order." Ill. Rev. Stat. 1983, ch. 122, par. 7—6.

■ Plaintiff did none of those acts enumerated in section 7—6 above which would have cast her as a party of record who was entitled to receive a copy of the board's order. She did not file her appearance at the hearing in writing. She did not have an attorney appear for her at the hearing. She did not testify as an objector at the hearing. Indeed, we find nothing in the record to indicate that plaintiff was anything more than a passive spectator at the administrative hearing. Plaintiff was merely an interested party, not a party of record affected by the administrative decision. That status, without more, does not entitle her to seek judicial review of the administrative action. "The standing of any person to appeal the result of an administrative review proceeding must appear as a factual matter in the record made before the administrative body." (*Allender v. City of Chicago Zoning Board of Appeals* (1978), 63 Ill. App. 3d 204, 210, 381 N.E.2d 4, 8.) The record before us is devoid of those facts that would indicate plaintiff has standing to seek judicial review.

■ Finally, we turn to plaintiff's contention that she was denied an opportunity to object at the administrative hearing and that the board, in conducting the hearing, disregarded procedural due process requirements. We find no merit in this contention. The record reveals that, at the hearing, sworn testimony was presented, cross-examination was conducted and a transcript of the proceedings was made. Furthermore, the board on several occasions inquired as to whether members of the audience would care to comment on the proceedings. It is well settled that a "County Board of School Trustees as an administrative agency is not held to the refined legal standards of procedure that exist in courts of record." (*Bridgeport Township High School District No. 3-12 v. Shank* (1955), 7 Ill. App. 3d 183, 189, 129 N.E.2d 264, 267.) Plaintiff simply made no use of her opportunity to be heard. Her failure to do so does not diminish the sufficiency of that opportunity.

We, accordingly, affirm the order of the circuit court of Randolph County dismissing plaintiff's complaint for administrative review.

Affirmed.

KARNS and KASSERMAN, JJ., concur.