In the Matter of PETITION TO DETACH PROPERTY.

COMMITTEE OF TEN, as the Attorney in Fact for all the Petitioners; Plaintiffs–Petitioners,

v.

BOARD OF EDUCATION OF RICH TOWNSHIP HIGH SCHOOL DISTRICT 227, COOK COUNTY, ILLINOIS; and Willis A. Brunson, in his official and individual capacity; Defendants–Objectors,

and

Bloom Township Trustees of Schools; Bremen Township Trustees of Schools; Rich Township Trustees of Schools; Thornton Township Trustees of Schools; Defendants.

No. 94 C 446.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 24, 1995.

---

Stuart Smith, Michael E.C. Moss, Chicago, IL, for plaintiffs-petitioners.

Anthony G. Scariano, Jon G. Crawford, Chicago, IL, Raymond A. Hauser, Chicago Heights, IL, John B. Murphey, Chicago, IL, for defendants and defendants-objectors.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The Greens of Olympia Fields ("the Greens") is a Planned Unit Development Subdivision located in Olympia Fields, Illinois within the geographic boundaries of Rich Township High School District Number 227. The Board of Education of Rich Township High Schools ("Board of Education") is authorized by the State of Illinois to establish and operate a number of high schools to serve the educational needs of all persons residing within the geographic boundaries of School District 227.

On January 23, 1992, at least two-thirds of the registered voters residing within the Greens ("Greens petitioners") filed a petition with the Cook County Regional Board of School Trustees ("Regional Board") seeking to detach the Greens from School District 227 and to annex the territory to Homewood Flossmoor Community High School District Number 233 ("School District 233") pursuant to Section 7–2b of the Illinois School Code. On June 17, 1992, the Regional Board dismissed the petition. On November 20, 1992, the Greens petitioners filed a second petition with the Rich Township Trustees of Schools ("Rich Township Trustees"), which dismissed the petition on November 25, 1992. On December 4, 1992, the Greens petitioners filed a third petition with the Rich Township Trustees. The Rich Township Trustees of Schools, the Bremen Township Trustees of Schools, the Bloom Township Trustees of Schools, and the Thornton Township Trustees of Schools jointly denied the third petition on April 2, 1993.

On December 20, 1993, the Greens petitioners filed a fourth petition ("Greens Detachment Petition") seeking the same relief. On January 25, 1994, the Board of Education removed the Greens Detachment Petition to federal district court pursuant to 28 U.S.C. § 1331, asserting that the proposed detachment and annexation would violate the Fourteenth Amendment by creating an "incremental segregative effect" on School Districts 227 and 233. On June 20, 1994, the Board of Education filed an amended petition

for removal ("removal petition"), adding Willis A. Brunson ("Mr. Brunson") as a defendant-objector in this action. On December 13, 1994, this Court, after undertaking a review of the removal petition, requested briefs on the issue of whether the court may properly exercise subject matter jurisdiction over this matter.[1] The Board of Education and Mr. Brunson (collectively, the "defendant-objectors") thereafter sought to amend their removal petition to seek removal under 28 U.S.C. § 1443(1).

### Removal Jurisdiction

■ The party seeking removal bears the burden of establishing federal jurisdiction, and any doubt regarding jurisdiction should be resolved in favor of remand. *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (citations omitted); *Roe v. O'Donohue*, 38 F.3d 298, 304 (7th Cir.1994) (citations omitted). In their memorandum in support of removal jurisdiction, the defendant-objectors seek removal pursuant to 28 U.S.C. § 1443(1), which provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

28 U.S.C. § 1443(1).

The threshold question is whether the annexation proceeding was a civil action commenced "in a State court" within the meaning of 28 U.S.C. § 1443(1). Under the state statute in question, 105 ILCS 5/7–2b, the process of detaching a territory from one school district and annexing it to another requires that a petition be filed with a Regional Board of School Trustees.[2] Section 7–2b of the Illinois School Code states that the trustees "shall have no authority or discretion to hear any evidence or consider any issues" except those necessary to determine whether the conditions stated in that section have been met. 105 ILCS 5/7–2b. Those conditions are limited to determining whether the requisite number of registered voters have joined in a petition and whether the territory proposed to be annexed is within the geographical boundaries permitted by the section. *Id.*

■ Whether the Township Trustees of Schools ("Township Trustees") shall be considered a "court" for purposes of determining removal jurisdiction is a question of federal law. *Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 104, 61 S.Ct. 868, 870, 85 L.Ed. 1214 (1941); *Corwin Jeep Sales and Service, Inc. v. American Motors Sales Corp.*, 670 F.Supp. 591, 592 (M.D.Pa.1986). The Seventh Circuit has adopted a functional test to determine whether the entity from which removal is sought constitutes a "court" for purposes of the removal statutes. *Floeter v. C.W. Transport, Inc.*, 597 F.2d 1100 (7th Cir.1979). Under this approach, "the title given a state tribunal is not determinative; it is necessary to evaluate the functions, powers, and procedures of the state tribunal and consider those factors along with the respective state and federal interests in the subject matter and in the provision of a forum." *Id.* at 1102 (citing *Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Board*, 454 F.2d 38, 44 (1st Cir.1972)).

■ In this case, it is clear that the annexation proceeding is not judicial in character. Significantly, Illinois courts do not recognize county school boards of trustees as judicial tribunals, but rather as arms of the state legislature whose actions are subject to judicial review:

> The legislature, ... in keeping with its policy of catering to local self-government in school matters, has in this instance pro-

---

1. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged").

2. The Regional Board of School Trustees has been abolished in Cook County and replaced by the "Township Trustees of Schools." 105 ILCS 5/6–2.

vided for notice and public hearing. The county board of school trustees, being the designated body to hear the expressions of local opinion, is an administrative agency for that purpose. As such it can but carry out the mandate of the legislature.... [H]owever, it may be a subject of judicial review as regards to whether the county board has sufficiently apprised itself of the situation at hand before carrying out its legislative directive.

*Pritchett v. County Board of School Trustees,* 5 Ill.2d 356, 125 N.E.2d 476, 478 (1955). *See also Robinson v. Regional Board of School Trustees, Randolph County,* 130 Ill. App.3d 509, 85 Ill.Dec. 748, 751, 474 N.E.2d 708, 711 (5th Dist.1985); *Bridgeport Township High School District No. 3–12 v. Shank,* 7 Ill.App.2d 183, 129 N.E.2d 264 (4th Dist. 1955) ("it must be observed that the County Board of School Trustees as an administrative agency is not held to the refined legal standards of procedure that exist in courts of record.... In holding hearings provided for by ... the School Code, the Board is acting as an arm of the legislature ...").

The functions, powers, and procedures of the Township Trustees do not closely resemble those of a court. By statutory definition, the Township Trustees have no authority to hear evidence or consider issues other than those stated above. Neither does Section 7–2b nor the following section, 105 ILCS 5/7–6, which governs hearings of petitions for annexation in general, authorize procedures characteristic of judicial rather than administrative proceedings. Indeed, an order granting or denying an annexation petition is statutorily defined as an "administrative decision" (within the meaning of 735 ILCS § 5/3–101) subject to judicial review in state court. 105 ILCS § 5/7–7. Accordingly, the Illinois School Code provides a competent judicial forum for the resolution of disputes arising from decisions of the Township Trustees. Since the annexation proceeding removed to federal court was not a proceeding commenced "in a State Court," removal was improper.