Robert L. Johnson, et al., Plaintiffs-Appellants, v. State Police Merit Board of the State of Illinois, Defendant-Appellee.

**Gen. No. 50,481.**

First District.

September 25, 1968.

Alfred M. Loeser and William J. Harte, of Chicago, for appellants.

William G. Clark, Attorney General of State of Illinois, of Chicago (Richard A. Michael, Edward A. Berman, John J. O'Toole, A. Zola Groves, and Bernard Genis, Assistant Attorneys General, of counsel), for appellee.

MR. JUSTICE CRAVEN delivered the opinion of the court.

This is a consolidation of five separate appeals from a judgment order of the Circuit Court of Cook County in an administrative review action affirming the decision and findings of the State Police Merit Board which ordered appellants discharged from their positions in the classified service of the State of Illinois as Illinois State Highway Police. Four of the plaintiffs were sergeants and one was a trooper in the State Highway Police.

Motion was made to dismiss these appeals on various grounds, including failure to present complete and adequate abstracts and proper briefs, violative of the then Supreme Court Rules 36, 38 and 39. The motion was taken for consideration with the case.

█ █ We have considered the motion, and while the abstracts and briefs are not as complete as they should be, in the interests of justice, we have denied the motion except as to the appeal of Attilio B. Paoli. In the appeal of Paoli it is apparent from the record that the administra-

tive-review action was not commenced within the 35-day statutory period required by section 267 of the statute (Ill Rev Stats 1961, c 110, § 267), the final decision of the Merit Board having been entered February 21, 1963, and served on plaintiff on the same day and re-served (due to earlier incorrect address) on February 26, 1963, and the complaint being filed April 3, 1963. The statutory requirement is jurisdictional. Pearce Hospital Foundation v. Illinois Public Aid Commission, 15 Ill2d 301, 154 NE2d 691 (1958). Thus, the motion has been allowed as to Attilio B. Paoli and the appeal dismissed as to him.

Charges were filed with the State Police Merit Board against the several separate plaintiffs, Attilio B. Paoli, Robert L. Johnson, Michael Irpino, Roy Rutizer and James F. Novak, Illinois State Police Officers, by William H. Morris, Superintendent of State Police, charging each with violation of certain statutes of the State of Illinois, the Illinois constitution, the oath or pledge of office of the Illinois State Highway Police, certain general orders of the State Police, job-description duties, and certain rules and regulations of the State Police. While the charges were slightly different as to each policeman, substantially similar charges were made as to all five. These were that each participated in a scheme of accepting, requesting or receiving money from trucking companies in the Chicago area at Christmas and in midsummer for the vacation period; that knowing of these practices, they failed to report the same to their superiors; and that during the course of a grand jury investigation into these matters, each refused to sign a waiver of immunity of his constitutional rights when called to testify. The five police officers were suspended from duty pending disposition of the charges.

After hearing the charges, the State Police Merit Board found each policeman charged was guilty of the conduct charged and of violation of the statutes, general orders and rules and regulations of the State Police as

charged, and ordered that the Superintendent of State Police discharge them from the rolls of the State Highway Police force as of the dates of their suspensions from duty. The five discharged officers then filed separate complaints for administrative review in the Circuit Court of Cook County. The circuit court reviewed the decisions and findings, and affirmed the same.

Plaintiffs filed separate appeals in the Supreme Court of Illinois, which that court consolidated and transferred to this court on its own motion on the basis that such claims failed to present a constitutional question.

One of the grounds of the findings and decision of the Merit Board is that the State Policemen concerned refused to sign a waiver of immunity in connection with their constitutional privilege against self-incrimination when called to testify before the grand jury investigating the matter of fraudulent conduct of State Police. Such refusal was held to be conduct unbecoming a State Police Officer, and a violation of the general orders and rules and regulations governing State Police, and grounds for discipline. Appellants contend that discipline or discharge for such refusal violates their constitutional rights under the Fourteenth Amendment to the Constitution of the United States.

We note that the Illinois Supreme Court transferred these cases to this Appellate Court on the basis that no constitutional question was present. Despite this indication of the view of our Supreme Court on this issue, we are of the opinion that we are compelled to pass upon the contention. In Garrity v. New Jersey, 385 US 493, 17 L Ed2d 562, 87 S Ct 616 (1967), the United States Supreme Court held that:

> "the protection of the individual under the Fourteenth Amendment against coerced statements prohibits use in subsequent criminal proceedings of statements obtained under threat of removal from

office, and that it extends to all, whether they are policemen or other members of our body politic."

There, the policeman did not sign a waiver of immunity and no immunity statute was applicable. His testimony was not permitted to be used against him in a subsequent prosecution.

■ In Gardner v. Broderick, 392 US 273, 20 L Ed2d 1082, 88 S Ct 848 (1968), the United States Supreme Court held unconstitutional a provision of the New York City charter providing that a failure of a policeman to testify before a grand jury and to waive his constitutional privilege against testifying was grounds for his dismissal as a policeman. The Court specifically pointed out that this was the sole basis for his discharge and that it violated the constitutional protection. Thus, it is clear that the refusal to sign a waiver of immunity, standing alone, could not constitute grounds for dismissal.

■ In this case, however, there were other grounds, in addition to the foregoing, upon which the defendant Merit Board determined that the appellants should be discharged. Among these grounds were that the policemen received gratuities from truckers or trucking companies and failed to report to their superior these activities of themselves or like action by other members of the State Police; that some participated in or authorized the reduction of overweight arrest tickets of truckers. The Board found that these actions violated State statutes, general orders and the rules and regulations of the Department, and that such conduct was conduct unbecoming a police officer. In view of the evidence presented to the Board, we cannot say that the findings of the Board were arbitrary or capricious, or contrary to the manifest weight of the evidence. The record supports the findings.

■ We have searched the record to determine whether the existence of the evidence on the refusal to waive immunity so permeated the considerations and action of

the Board as to require a reversal of the discharges. We are of the opinion that it did not contaminate the proceedings and that there being present several other substantial grounds for discharge, the findings and decision of the Merit Board were properly affirmed and that no reversible error exists in the discharge of appellants from their positions as State Police. Accordingly, the decision of the circuit court should be affirmed.

Affirmed.

SMITH, P. J. and TRAPP, J., concur.