(No. 44016.—)

ALLIS CHALMERS MANUFACTURING COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Junior "Doc" Johnson, Appellee.)

*Opinion filed November 30, 1971.*

SAMUEL C. PATTON, of Springfield, for appellant.

C. A. LIVINGSTONE of LIVINGSTONE, MUELLER, DRAKE and DAVLIN, of Springfield, (WILLIAM H. BECKWITH, of counsel,) for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Employer, Allis-Chalmers Manufacturing Company, appeals from the judgment of the circuit court of Sangamon County affirming the decision of the Industrial Commission awarding the petitioner - employee, Junior "Doc" Johnson, compensation for temporary total disability, permanent partial disability, and necessary medical expenses. The application for adjustment of claim alleges petitioner suffered injuries as the result of an accident while working on July 7, 1964.

At the hearing before the arbitrator, petitioner testified that he was pushing a boom into a fixture when the crane he was using backlashed and twisted his right arm, shoulder and neck, causing pain in those areas of his body.

He continued to work until the end of his shift. He told one of his foremen that he "had a soreness down through my shoulder and my arm and my neck."

On July 10 petitioner consulted Dr. Scott, who examined him and prescribed medication. Dr. Scott had treated him for colds on other occasions and he had a cough and cold at that time. After a week, when his condition failed to improve, claimant returned to Dr. Scott. He was sent to another office for X rays and was referred to Dr. Hayner, whom he saw on July 24. Dr. Hayner sent him to St. John's Hospital for a myelogram, followed by surgery on his neck. He was hospitalized from July 27 to August 3, 1964. After a follow-up examination by Dr. Hayner on September 28, petitioner returned to work.

Petitioner testified that at the time of the hearing he was still suffering pain and stiffness in his right arm and back, and loss of strength in his arm. He also stated that he had had no complaints in regard to his neck, right shoulder or right arm before July 7, 1964.

The hospital bill and the bills of Dr. Scott and Dr. Hayner were admitted into evidence. Noted on Dr. Scott's bill is a diagnosis of myositis, right shoulder girdle, and a notation that Dr. Hayner's diagnosis was "herniated intervertebral disc C6-7, right." Dr. Hayner's bill noted a diagnosis of prolapsed disc, cervical spine. Petitioner had made an application for payment of Dr. Hayner's bill under his nonindustrial group insurance coverage.

Dr. Harold Diller, who had examined petitioner on February 6, 1965, testified that at that time petitioner had a limitation of motion of his right arm and, on lateral bending, a slight atrophy of his right biceps, and a surgical scar on his neck. X rays showed a partial laminectomy had been performed at C6—7 on the right side. He attributed petitioner's complaints of pain and weakness in the right arm to the pathology he found and testified the condition was permanent. In response to a hypothetical question, Dr.

Diller stated that in his opinion there was a causal connection between the injury of July 7, 1964, and the condition he found on February 6, 1965.

On cross-examination the doctor described myositis as inflammation of the muscles that could result from colds, infections, strains or bruises. He could not determine from his X rays when the condition that required surgery had developed.

The arbitrator awarded petitioner temporary total disability, permanent partial disability and medical expenses. On review before the Industrial Commission, the employer adduced testimony that although petitioner did complain of a sore back he had made no complaint of injury while working. The employer's records showed he was absent from work between the dates of July 20 and August 28, 1964.

In its decision setting aside the arbitrator's award the Industrial Commission found that petitioner sustained accidental injuries on July 7, 1964, arising out of and in the course of his employment, but that he had failed to prove a causal relationship between the accident and the condition of ill-being of which he complained and denied him compensation. On review the circuit court found that the findings of the Industrial Commission were "inconsistent and cannot be reconciled" and remanded the case to the Commission "with the right to hear further evidence and consider the record proceedings and to make findings of fact consistent with the remanding order." On remand, without hearing additional testimony, the Commission entered as its decision the original award of the arbitrator, and the circuit court, on review, affirmed the decision.

The judgment of the circuit court reversing the Industrial Commission's denial of compensation and remanding the cause for further proceedings was inter-locutory and not appealable. The judgment of the circuit court upon review of the decision of the Industrial Commission entered following the remand is appealable,

and this court, with the entire record before it, may review the correctness of the circuit court's order of reversal and remandment. *Downey v. Industrial Com., 44 Ill. 2d 28.*

The employer contends that the circuit court erred in remanding the cause to the Industrial Commission. It argues that the question of whether there was a causal connection between the accident and the condition of which petitioner complained was one of fact for the Commission and the Commission's finding was not contrary to the manifest weight of the evidence.

We have examined the cases upon which the employer relies and find them clearly distinguishable. In *Downey v. Industrial Com., 44 Ill. 2d 28,* there was testimony of another occurrence out of which the disability might have arisen. *Orr v. Industrial Com., 47 Ill. 2d 242,* involved a death as the result of heart disease and there was evidence from which the Commission could find a cause other than the decedent's employment. In *Bernard v. Industrial Com., 25 Ill. 2d 240,* there was evidence of a previous history of back trouble and a spinal fusion operation, and the testimony for the petitioner fell short of establishing the causal connection.

In this case the evidence adduced by the employer is relevant only to the issue of whether there was an accidental injury, and the only evidence with respect to petitioner's condition of ill-being, or its causal relationship to the injury, is that introduced by petitioner. Upon the record before us we hold that the circuit court did not err in holding that the findings were inconsistent and in remanding the cause to the Commission. We hold further that the findings upon which the award is based are not against the manifest weight of the evidence.

Finally the employer contends that the testimony of Dr. Diller is based partly upon history given him by the petitioner, and is therefore incompetent and without probative value. The record does not support this contention and we note further that the only objection to the

doctor's testimony at the hearing was on an entirely different ground. We find no error, and the judgment of the circuit court of Sangamon County is affirmed.

*Judgment affirmed.*