ISAAC CARTMELL, Plaintiff-Appellant, *v.* THE DEPARTMENT OF PUBLIC AID, Defendant-Appellee.

Fourth District   No. 13249

Opinion filed June 24, 1976.

Stephen O. Willoughby, of Legal Aid Society, of Decatur, for appellant.

William J. Scott, Attorney General, of Chicago (Stephen R. Swofford, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

As the result of an administrative hearing on August 28, 1974, plaintiff Cartmell's aid to the aged grant, under which he had been receiving payment for his homemaker personal care needs, was terminated. The Department of Public Aid notified him of the determination by a letter of September 19, 1974. He filed a complaint for administrative review on

October 30, 1974. The court dismissed the complaint because it had not been filed within the 35-day statutory period. (Ill. Rev. Stat. 1973, ch. 110, par. 267.) Plaintiff now argues that the statute violates his right to due process and equal protection by discriminating against him because of his poverty and ill health. He is in his eighties and confined to bed or a wheelchair because of acute muscular arthritis. His only regular source of income is $189 per month in social security although his application to sue as a poor person also states that he is employed as a watchmaker.

■▌ Alleged discrimination based on wealth is governed by the constitutional standard of rational justification. (*Ortwein v. Schwab*, 410 U.S. 656, 35 L. Ed. 2d 572, 93 S. Ct. 1172.) The State argues that the statute in question is designed to promote an orderly, efficient, and speedy system of justice. This is sufficient justification to withstand the constitutional charge based on wealth discrimination.

■▌▌ Plaintiff cites no cases, nor have we found any, bearing on the constitutional ramifications of the health discrimination he alleges. He does cite two cases from other jurisdictions in which the trial court has the discretion to toll the statute of limitations because of illness. In this State, however, the statute is clearly jurisdictional and the trial court has no such discretion. (*Johnson v. State Police Merit Board*, 99 Ill. App. 2d 458, 241 N.E.2d 468.) Plaintiff asks us to declare the statute unconstitutional precisely because it affords no discretion. We conclude, however, that because no suspect classification such as race, nationality, or alienage is present (*Ortwein*), the rational justification standard must again be applicable. As we stated above, the statute meets that standard. Moreover, plaintiff has failed to show how his health interfered with his ability to obtain counsel soon enough to meet the 35-day deadline. His allegations on this issue are insufficient to even raise the constitutional issue. *People v. Palkes*, 52 Ill. 2d 472, 288 N.E.2d 469.

Affirmed.

TRAPP, P. J., and GREEN, J., concur.