PETER J. SOBEL, Plaintiff-Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (5th Division)   No. 76-83

Opinion filed June 24, 1977.

Frederick J. Sentman, of Chicago (Reilly & Sentman, of counsel), for appellant.

Michael J. Murray, of Chicago (Leo F. Alt, of counsel), for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is an appeal from two orders of the Circuit Court of Cook County. The first grants defendants' motion to dismiss plaintiff's action for judicial review of an administrative decision to discharge plaintiff. The second denies plaintiff's motion for rehearing on defendants' motion to dismiss. Plaintiff raises two issues on appeal: (1) whether his constitutional right to procedural due process was violated; and (2) whether the court erred in granting defendants' motion to dismiss. We affirm.

On May 13, 1974, plaintiff was suspended from his teaching position at Chicago's Amundsen High School by the general superintendent of schools for the board of education of the city of Chicago (hereinafter Board) pending a hearing on charges of incompetency and conduct unbecoming a teacher. The general superintendent filed these charges with the Board the same day and requested that the Board appoint a trial committee to hear the charges and make findings on the allegations giving rise to them. On May 22, 1974, the Board adopted a resolution in which it approved of the suspension; appointed a trial committee to hear evidence on the allegations; and commanded the committee to report its findings thereon, and conclusions with respect to the charges, to the Board. The trial committee selected August 21, 1974, as the date of the hearing on the charges and supporting allegations. On July 23, 1974, notice of this hearing was served on plaintiff. Accompanying the notice was a copy of the charges and supporting allegations. The notice informed plaintiff that he could appear at the hearing with counsel and present his defense if he so desired. At the request of plaintiff's counsel, three continuances were granted. The hearing began on November 25, 1974, was reconvened on December 13, 1974, and concluded on January 6, 1975. On all three dates plaintiff appeared with and was represented by counsel. On at least one of these dates plaintiff presented evidence in his defense. The trial committee presented its report on the hearing to the Board on January 8, 1975. The report indicates that the trial committee found eight of the nine allegations to be supported by the evidence and not remediable. The offenses asserted in the eight substantiated allegations are that plaintiff: (1) made suggestive and improper remarks to female students; (2) improperly touched the underclothing of a female student; (3) said that if he was single, he would shoot his former principal, a school district superintendent, the principal of Waller High School and himself; (4) refused to give a standardized test to his students as directed by the principal, removed these tests from the files without permission and refused to return them; (5) repeatedly failed and refused to keep attendance records and other records in the manner required by the

principal; (6) took attendance records home in violation of a direct order from the assistant principal and thereby caused disruption the following day when the attendance records were not available for use by a substitute teacher assigned to his class in his absence; (7) failed and refused to serve as hall monitor in violation of directions to do so from the assistant principal; and (8) failed and refused to follow recommendations, instructions and directions of his superiors for the correction of deficiencies in his work which he was twice warned about. On the basis of these offenses the trial committee concluded that the charges against plaintiff of incompetency and conduct unbecoming a teacher were proved and consequently recommended that plaintiff be dismissed. The Board adopted the trial committee's report on January 8, 1975.

Plaintiff's complaint alleges that defendants deprived him of a fair and impartial hearing. In support of this allegation plaintiff alleges: (A) that the Board found that plaintiff made suggestive remarks to female students and improperly touched the underclothing of a female student at Amundsen on the basis of a letter from one disgruntled student; (B) that this letter was signed by three alleged witnesses; (C) that one of these alleged witnesses was not a student in plaintiff's class when the alleged events took place; (D) that plaintiff has signed statements from all three witnesses repudiating the letter; (E) that all three witnesses have stated that they were forced to sign the letter by personnel of the Board; (F) that the other offenses were remediable in nature but plaintiff was not warned that charges would be brought against him if he did not "remove" them; (G) that the findings do not support the charges made against plaintiff (H) that the findings and the discharge decision are contrary to the manifest weight of the evidence and are not in accordance with the law (I) that the findings are based on hearsay and matters dehors the record and are not supported by the evidence; (J) that the bases for the charges against plaintiff were events which occurred prior to the award of plaintiff's contract and such events cannot be used as bases for such charges; (K) that, contrary to the law, evidence of events which transpired prior to the 1974 school year was introduced at the hearing and considered by the Board; and (L) that the Board "heard evidence over the objections of the Plaintiff in regard to pertinent matter." The complaint further alleges that plaintiff is a tenured teacher in the Board's employ and that he received written notice of his suspension on July 23, 1974. The remaining paragraphs of the complaint: give the dates of the hearing; state that plaintiff was present at the hearing, presented evidence and was represented by counsel; state that defendants are all members of the Board; state that plaintiff seeks judicial review of the January 8, 1975, decision, a copy of which is attached to and made a part of the complaint; ask that an answer be filed and give a prayer for relief. The documents

attached to and made part of the complaint are the trial committee's report (from which the foregoing paragraph was drawn) and a form showing that the Board unanimously adopted this report on the same day that it was submitted.

After plaintiff's verified complaint was filed on April 3, 1975, defendants moved to dismiss the action pursuant to sections 48(1)(a) and 48(1)(e) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, pars. 48(1)(a) and (1)(e)) and filed a memorandum in support of their motion. In their motion and memorandum defendants allege: that on January 9, 1975, a certified copy of a Board report, which consisted of the trial committee's report and the form showing that the Board unanimously adopted the committee's report, plus a letter notifying plaintiff of his discharge, were sent to plaintiff by certified mail, return receipt requested; that on January 10, 1975, plaintiff received the Board report and letter, and signed and dated the return receipt; that on April 3, 1975, plaintiff's complaint was filed; that plaintiff failed to file his complaint within 35 days from the date that a copy of the Board's discharge decision was served upon him as he was required to do by section 4 of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 267); and consequently that the court lacked subject matter jurisdiction of this action.

In response, plaintiff filed a memorandum in which he admitted the accuracy of the dates in defendants' motion and memorandum and admitted that he received the notice of discharge on January 10, 1975, but also said that he entered a hospital on January 10, 1975, "upon receipt of his notice of discharge," and "immediately upon receipt of the notice." The memorandum goes on to report that plaintiff remained in the hospital until March 6, 1975, but then was readmitted on March 22, 1975, and not discharged until May 2, 1975. Attached to plaintiff's memorandum are copies of two Illinois Department of Mental Health "Discharge Summary" forms which confirm the entry and exit dates. The first of these forms indicates that plaintiff's discharge on March 6, 1975, was of the "ABSOLUTE" type. Together the forms indicate that plaintiff signed himself out of the hospital on both discharge dates.

Defendants thereafter filed a reply memorandum in which they pointed out that plaintiff was fully informed of his right to appeal his discharge and of the time limitation on his exercise of this right by his counsel. Attached to this memorandum was an affidavit of the counsel who represented plaintiff at the hearing. According to this affidavit, shortly after receipt of plaintiff's discharge decision plaintiff was informed of the ramifications of the decision, of his right to appeal and of the time limitation within which he would have to appeal if he desired to do so.

Thereafter, on September 12, 1975, the court entered an order granting defendants' motion.

Plaintiff then filed a motion for rehearing on defendants' motion to dismiss. According to this motion, the hospital plaintiff twice entered was the Chicago-Read Mental Health Center. In support of this motion plaintiff subsequently filed an affidavit of a psychologist who was involved in his treatment at the Center. In the affidavit, this psychologist states that plaintiff was asked (presumably by this psychologist) not to make any decisions or take any actions regarding his legal problems, and expresses the opinion that plaintiff was not mentally competent to conduct his affairs during the period from January 10, 1975, to his "final discharge." In an attached letter written at the request of plaintiff's counsel the psychologist describes plaintiff's condition while under treatment as depressed, agitated and hostile and states that plaintiff believed that he had been conspired against.

Thereafter, on November 17, 1975, the court entered an order denying plaintiff's motion for rehearing. This appeal followed.

Opinion

The threshold issue in the case at bar is whether the court erred in granting defendants' motion to dismiss.

Plaintiff was discharged for cause pursuant to section 34—85 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 34—85) by the unanimous vote of the Board's members. Section 34—85b of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 34—85b) makes the provisions of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, pars. 264 through 279) applicable to and controlling over all proceedings instituted for the judicial review of final administrative decisions of the Board under section 34—85 of the School Code. The Board's decision to discharge plaintiff is such a decision and hence the proceeding for judicial review instituted by plaintiff is governed by the Administrative Review Act.

■■ Section 4 of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 267) requires commencement of an action to review a final administrative decision within 35 days from the date that a copy of the decision sought to be reviewed is served upon the party affected by the decision. The action to review the decision is commenced by filing a complaint and the issuance of summons within this 35-day period. In its order, the court below granted defendants' motion to dismiss after finding that plaintiff filed his complaint more than 35 days after service of a copy of the Board's discharge decision and after concluding that it lacked subject matter jurisdiction of the action.

Plaintiff contends that it is unreasonable, unfair and a grievous miscarriage of justice to apply the 35-day limitation to commencement of his action because: (A) if the limitation is applied, the possibility that defendants may be held to account for their alleged actions in depriving

plaintiff of his right to a fair hearing is eliminated; (B) in other types of actions people who are insane or mentally ill need not comply with statutes of limitations, and plaintiff suffered a severe nervous breakdown shortly after completion of the hearing, was totally unable to make any decision which would have protected his right to appeal, and was urged by his physicians not to make any decisions or take any actions regarding his legal problems—plaintiff adds that since his condition warranted this urging, whether he was informed of his right to appeal within the 35-day period by his attorney is irrelevant; and (C) the Administrative Review Act was not intended to have the effect of denying a reasonable remedy.

■■ These contentions amount to a request that we carve an exception in the 35-day rule. Plaintiff received notice of the Board's decision to discharge him on January 10, 1975. He filed his complaint for review more than 35 days thereafter. It has been held that the 35-day limitation is a jurisdictional requirement and is a bar to review if not satisfied. (See *Cartmell v. Department of Public Aid* (1976), 39 Ill. App. 3d 685, 686, 347 N.E.2d 22; *Varnes v. Dougherty* (1976), 39 Ill. App. 3d 476, 478-79, 350 N.E.2d 6; *Johnson v. State Police Merit Board* (1968), 99 Ill. App. 2d 458, 460, 241 N.E.2d 468.) Thus we are not prepared to grant plaintiff's request.

We hold that the court below did not err in granting defendants' motion to dismiss. In view of our holding we find it unnecessary to consider the due process issue raised on appeal. Accordingly, we affirm.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.