WILLIAM J. CREAMER, Plaintiff-Appellant, *v.* THE POLICE PENSION FUND BOARD OF MOUNT PROSPECT *et al.*, Defendants-Appellees.

First District (2nd Division)  No. 77-1666

Opinion filed December 5, 1978.—Supplemental opinion filed on denial of rehearing March 27, 1979.

Charles G. Haskins and Michael W. Verzatt, both of Chicago, for appellant.

R. Marlin Smith and Jeffrey R. Ladd, both of Chicago (Ross, Hardies, O'Keefe, Babcock & Parsons, of counsel), for appellees.

Mr. JUSTICE BROWN* delivered the opinion of the court:

This case involves the jurisdiction of the circuit court of Cook County to review a decision of an administrative agency pursuant to the provisions of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*). The plaintiff appeals from an order of the circuit court dismissing his action for lack of jurisdiction.

The issue presented on appeal is whether the circuit court retained jurisdiction of plaintiff's action to review when it remanded it to the

_____

* This opinion was prepared by Justice Brown while assigned to the Illinois Appellate Court, First District.

administrative agency for a hearing *de novo* due to the lack of an adequate transcript.

The facts are not in dispute.

On March 12, 1976, plaintiff, William J. Creamer, filed a complaint for Administrative Review requesting judicial review of the Police Pension Fund Board of the Village of Mount Prospect finding that an injury sustained by plaintiff, a former Mount Prospect police officer, had not occurred in the line of duty.

On October 5, 1976, the circuit court entered an order remanding the cause for a hearing *de novo* due to the lack of a transcript. On April 29, 1977, a new hearing was held before the Police Pension Fund Board. Following the hearing, the Board rendered its decision and served the same on plaintiff on May 16, 1977.

On June 20, 1977, the 35th day following service on plaintiff of the Board's decision, the plaintiff mailed a notice of motion to defendants' counsel advising that on July 5, 1977, he would move for leave of court to file the transcript of the hearing and to substitute attorneys. No motion was attached to the notice. The notice of motion was not filed with the clerk of the circuit court until July 5, 1977, 50 days after service on plaintiff of the Board's decision.

On July 5, 1977, plaintiff orally moved for leave to file the transcript of the second hearing and to substitute attorneys. Defendants objected, claiming that a proceeding under the Administrative Review Act could not be commenced by such a motion, and that even if it could, the action was not commenced within 35 days of service of the decision as required by the Act.

On August 9, 1977, the court denied the oral motion and dismissed the action to review with prejudice. Thereafter, plaintiff filed a timely notice of appeal.

Plaintiff contends that the circuit court retained jurisdiction of his action to review when it remanded it to the Police Pension Fund Board for a hearing *de novo* and, therefore, his motion for leave to file the new record was proper.

Defendants maintain that the circuit court terminated its jurisdiction over plaintiff's action to review when it entered its order without expressly reserving jurisdiction. As a result, plaintiff would be required to follow the procedure outlined in section 4 of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 267). That act requires that every action to review a final administrative decision shall be commenced by the issuance of summons and the filing of a complaint within 35 days from the date that a copy of the decision sought to be reviewed was served upon the plaintiff.

As authority for his position, plaintiff cites section 9(c) of the

Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 272(c)) which provides:

"If the cause is remanded to the Administrative Agency and a review shall thereafter be sought of the administrative decision, the original and supplemental record, or so much thereof as shall be determined by court order or the stipulation of all the parties, shall constitute the record on review."

That section lends no support to plaintiff's position. It does not indicate what procedure should be followed in order to commence an action to review after the cause is remanded, but only provides what records shall constitute the record on review.

Plaintiff also relies on section 5 of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 268) which states:

"The court first acquiring jurisdiction of any action to review a final administrative decision shall have and retain jurisdiction of the action until final disposition thereof."

The dispositive issue then, is whether, in accordance with section 5, the order of the circuit court on October 5, 1976, was a final disposition of the action to review which terminated the jurisdiction of that court. The order stated, in relevant part:

"It is hereby ordered that this case is remanded to the Police Pension Board Fund of the Village of Mount Prospect for a hearing *de novo* due to the inadequacy of the record in the interest of justice and finding that no prejudice exists as to the Plaintiff as a result of said order.

It is further ordered that the Plaintiff may cash the Pension Fund Checks received to date and that he shall receive until this matter is concluded and use of the funds therefrom without prejudice to whether or not the alleged injury of said Plaintiff occurred within or without the line of duty."

■■ ■ The effect of an order remanding a cause to an administrative agency has not been expressly considered in any Illinois decision. However, it is not a novel issue of administrative law and procedure. The general rule is that when an administrative decision is reversed, vacated, or remanded, the case stands as if no decision had ever been made. (73 C.J.S. *Public Administrative Bodies & Procedure* §241 (1951). See also *Application of Plainfield Union Water Co.* (1954), 14 N.J. 296, 102 A.2d 1; *Adams v. Anadarko* (1949), 202 Okla. 72, 210 P.2d 151.) Furthermore, this order remanded the cause for a hearing *de novo*, without any further instructions. The effect of this order was to require a completely new hearing with the same effect as if no decision had been previously rendered. *Local Liquor Control Com. v. Illinois Liquor Com.* (2d Dist. 1978), 59 Ill. App. 3d 1, 374 N.E.2d 1298.

Plaintiff contends that the circuit court reserved jurisdiction by implication when it ordered that plaintiff could cash the pension checks until the matter was concluded. We disagree. Whenever the intention of Illinois courts has been to retain jurisdiction upon remand, they have included an explicit statement indicating that intention. (See, *e.g., People ex rel. Engle v. Kerner* (1965), 32 Ill. 2d 212, 205 N.E.2d 33, *opinion supplemented* (1965), 33 Ill. 2d 11, 210 N.E.2d 165, *appeal dismissed sub nom. Engle v. Kerner* (1966), 384 U.S. 30, 16 L. Ed. 2d 332, 86 S. Ct. 1284; *National Bank & Trust Co. v. Becker* (1st Dist. 1964), 50 Ill. App. 2d 151, 200 N.E.2d 40.) The Federal courts follow the same procedure. See *National Labor Relations Board v. Wilder Manufacturing Co.* (D.C. Cir. 1971), 454 F.2d 995.

Since the order remanding the cause for a hearing *de novo* did not retain jurisdiction, it was a final disposition of the action to review the first hearing. A review of the decision rendered pursuant to the hearing *de novo* would be an entirely new action. Therefore, in order to commence an action to review that decision, plaintiff would be required to follow the procedure outlined in section 4 of the Administrative Review Act. As previously stated, such procedure requires the issuance of summons and filing of a complaint within 35 days after the decision is served on the plaintiff. Consequently, plaintiff's motion for leave to file the transcript of the hearing *de novo* 50 days after service of the decision on him was improper, untimely, and failed to meet the requirements of section 4. See *Sobel v. Board of Education* (1st Dist. 1977), 50 Ill. App. 3d 371, 365 N.E.2d 693.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DOWNING and PERLIN, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE BROWN* delivered the opinion of the court:

Plaintiff's petition for rehearing, to which defendants filed an answer, submitted arguments and cases not previously presented to this court in support of the original appeal.

In effect, plaintiff contends that the original opinion was in error when it stated that the issue had not been expressly considered in any Illinois decision. Plaintiff urges that our supreme court had considered the issue in numerous cases as follows: *Downey v. Industrial Com.*, 44 Ill. 2d

---

* Justice Brown participated pursuant to assignment by the Illinois Supreme Court.

28 (1969); *Wellman-Lord, Inc. v. Industrial Com.*, 48 Ill. 2d 533 (1971); *Holiday Inns of America v. Industrial Com.*, 48 Ill. 2d 528 (1971); *Nichols v. Industrial Com.*, 49 Ill. 2d 431 (1971); *Allis Chalmers Manufacturing Co. v. Industrial Com.*, 50 Ill. 2d 2 (1971); *Stockton v. Industrial Com.*, 69 Ill. 2d 120 (1977); *City of Rockford v. Industrial Com.*, 69 Ill. 2d 597 (1978).

We have reviewed each of the cited cases and we believe there is no similarity between the remand order in each of the aforesaid cases and the remand in the instant case for a hearing *de novo*.

Plaintiff contends that *Colaw v. University Civil Service Merit Board*, 37 Ill. App. 3d 857 (1975), is directly in point. In *Colaw*, the case was remanded by the circuit court to the administrative agency for the purpose of making additional findings of fact without hearing additional evidence. Again, that is not comparable to a remand for a hearing *de novo*.

Likewise, we see no comparability between the practice formerly involved in this State in master in chancery cases and the instant case.

It is not to be forgotten that the remand in the instant case was for a hearing *de novo* which means "trying the matter anew the same as if it had not been heard before and as if no decision had been previously rendered." (2 Am. Jur. 2d *Administrative Law* §698, at 597 (1967).) Black's Law Dictionary (4th ed. rev. 1951), at page 483, defines *de novo* as "[a]new; fresh; a second time."

There is nothing in the remand order of the trial court, nor have we been directed to anything in the record which suggests that the trial court considered the order as a temporary remand. It was possible that after remand the plaintiff might be satisfied with the defendants' decision. Thus no new appeal would follow.

Finding nothing in the record or any contrary authority, we adhere to our original opinion. The petition for rehearing is denied.

DOWNING and PERLIN, JJ., concur.