OWENS-ILLINOIS, INC., Plaintiff-Appellant, *v.* WILLIAM M. BOWLING, Director, Department of Labor, *et al.*, Defendants-Appellees.

First District (5th Division)　No. 80-1471

Supplemental opinion filed on denial of rehearing December 8, 1981.*

---

* The original opinion is found at 99 Ill. App. 3d 1117.

John A. Relias and Michael W. Duffee, both of Vedder, Price, Kaufman & Kammholz, of Chicago, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Joseph D. Keenan, III, Assistant Attorney General, of counsel), for appellee William M. Bowling.

Irving M. Friedman and Michael B. Erp, both of Katz, Friedman, Schur & Eagle, of Chicago, for appellees Locals 24, 40, 95 and 135 of the Glass Bottle Blowers Association and Local 109 of the American Flint Glass Workers Union.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In their petition for rehearing, certain defendants raise a question as to whether the Illinois Department of Labor (Department) is required to reconsider the payments of benefits to the 2,788 claimants who were not named in the original complaint in the administrative review action but were added by the amended complaint. Because this question concerns the effect of our opinion, not only on the named parties but also upon the 2,788 claimants later named, we find it necessary to consider it.

Initially, we note that section 4 of the Administrative Review Act (the Act) (Ill. Rev. Stat. 1979, ch. 110, par. 267), which governs the commencement of actions for administrative review, provides in relevant part as follows:

"Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby."

Compliance with section 4 is jurisdictional, so that failure to file a complaint and have summons issue within the specified period is a complete bar to recovery. (*Hoffman v. Department of Registration & Education* (1980), 87 Ill. App. 3d 920, 410 N.E.2d 291; *Sobel v. Board of Education* (1977), 50 Ill. App. 3d 371, 365 N.E.2d 693.) Here, the Depart-

ment's decision affecting the 2,788 claimants which plaintiff sought to join in the amended complaint became final on April 17, 1979, and while its original complaint was filed within the 35-day period, the amended complaint was not filed until October 26, 1979—192 days later. It would thus appear that plaintiff's action to review the payment of benefits as to the 2,788 claimants was time-barred. Defendants' motion to dismiss on that basis, however, was denied.

It is the position of plaintiff that the trial court correctly found that the 2,788 claimants were properly added because they were necessary parties under section 46(1) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 46(1)), which, in relevant part, permits amendments at any time before final judgment to introduce "any party who ought to have been joined as plaintiff or defendant * * *." In this regard, it has been held that a claimant in unemployment compensation proceedings is a necessary party in an action to review a final decision allowing the claim where his interests might be adversely affected by a reversal or modification of the order. *Biggs v. Cummins* (1955), 5 Ill. 2d 512, 126 N.E.2d 208.

We note, however, our belief that a review here could not have any adverse affect on the 2,788 additional claimants named in the amended complaint. Based on our reading of the Unemployment Insurance Act (Ill. Rev. Stat. 1979, ch. 48, par. 300 *et seq.*), it appears to us that subsequent proceedings to take place at the administrative level cannot involve the eligibility for benefits of those 2,788 claimants for the time encompassed by the American Flint Glass Workers Union strike in question. As stated in the principal holding of this case, the Department improperly refused to consider the eligibility of the 2,788 claimants under section 702 of the Unemployment Insurance Act (Ill. Rev. Stat. 1979, ch. 48, par. 452), despite the mandate of the statute requiring it to make such findings as to each of the factors enumerated in section 500C concerning eligibility prior to dispersing benefits to claimants (Ill. Rev. Stat. 1979, ch. 48, par. 420C). Such findings admittedly were not made and, significantly, the statute does not authorize the Department to require claimants situated like those named in the amended complaint to account for money paid them through proceedings held at some subsequent date in the absence of a showing of fraud or a preexisting finding of ineligibility. (See Ill. Rev. Stat. 1979, ch. 48, pars. 490, 491.) No such showing of fraud or ineligibility as to the 2,788 later-named defendants is brought to our attention by plaintiff. Indeed, plaintiff contends that eligibility was not determined as to any of those claimants. Thus, the later-named 2,788 defendants could not be required, under the Unemployment Insurance Act, to return benefits previously paid by the Department. (*Cf. Gutierrez v. Board of Review* (1975), 35 Ill. App. 3d 186, 341 N.E.2d 115; *Meadows v. Grabiec*

(1974), 20 Ill. App. 3d 407, 314 N.E.2d 283, in which determinations of fraud and ineligibility were initially made by the Department.) Furthermore, that statute provides no means for plaintiff to assert a cause of action against any of the 2,788 claimants since the money paid them is distributed by the State, and plaintiff does not explain how, if at all, any of the claimants obtained benefits wrongfully.

We note, parenthetically, that the determination of eligibility as to the claimants named in the original complaint is presented in a different posture from that of the other 2,788, since we held in our opinion that because the finding of eligibility of the originally named claimants was against the manifest weight of the evidence, those determinations must be reconsidered by the Department. See Ill. Rev. Stat. 1979, ch. 48, par. 520; also see *Flores v. Board of Review* (1979), 74 Ill. App. 3d 667, 393 N.E.2d 638; *Hart v. Johnson* (1979), 68 Ill. App. 3d 968, 386 N.E.2d 623.

We hold, therefore, that the 2,788 claimants were not properly added as defendants under section 46(1) of the Civil Practice Act and, the amended complaint not having been filed within the time provided in section 4 of the Act, the motion to dismiss it should have been granted as to those later-named claimants.

In light of this reasoning, the Department on remand is to determine the eligibility of those claimants named as defendants in the original complaint but not that of the 2,788 claimants sought to be introduced by the amended complaint. The payment of benefits to those claimants, in view of the principal opinion and of our holding above, may not be reconsidered.

The petition for rehearing is denied.

MEJDA and WILSON, JJ., concur.